**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

---

Rod J. Rosenstein
*United States Attorney*

*Sujit Raman*
*Assistant United States Attorney*

*Gregory P. Bailey*
*Special Assistant United States Attorney*

| | |
|---|---|
| *400 United States Courthouse* | *MAIN: 301-344-4433* |
| *6500 Cherrywood Lane* | *FAX: 301-344-4516* |
| *Greenbelt, MD 20770-1249* | *TTY/TDD: 301-344-4432* |

August 6, 2012

Barry Haberman, Esq.
51 Monroe Street
Rockville, Maryland 20850

> Re:   United States v. Kevinton Reynolds,
> Criminal No. [to be determined] GLR – 12 – 0582

Dear Mr. Haberman:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **5:00 p.m.** on **August 20, 2012**, it will be deemed withdrawn. This plea agreement is contingent upon the approval of the Department of Justice's Tax Division, and will be null and void should the Tax Division fail to approve it. The terms of the agreement are as follows:

### Offense of Conviction

1.       The Defendant agrees to plead guilty to a two-count criminal information that will charge him with willful failure to file a tax return, in violation of Title 26, United States Code, Section 7203, for calendar years 2007 and 2008. The Defendant admits that he is, in fact, guilty of these offenses and will so advise the Court.

### Elements of the Offenses

2.       The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

Barry Haberman, Esq.
August 6, 2012
Page 2

### Failure to File Tax Returns (Counts One and Two)

*First*, that on or about April 15, 2008 (Count 1), and on or about April 15, 2009 (Count 2), in the District of Maryland, the Defendant, an individual who earned gross income which exceeded the minimum filing threshold in both years, was required to file a tax return for calendar years 2007 and 2008, respectively;

*Second*, that the Defendant failed to file the return at the time required by law; and,

*Third*, that the Defendant willfully failed to file the return, that is, voluntarily and intentionally violated his known legal duty.

### Penalties

3.      The maximum sentence provided by statute for each count to which the Defendant is pleading guilty is as follows: imprisonment for one year, followed by a term of supervised release of one year, and a fine of $25,000.  In addition, the Defendant must pay $25 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing.  This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.  If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.[1]  The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

### Waiver of Rights

4.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel.  That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

---

[1]      Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

Barry Haberman, Esq.
August 6, 2012
Page 3

      b.     If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community.  Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily.  All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count.  The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

      c.     If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt.  The Defendant would have the right to confront and cross-examine the government's witnesses.  The Defendant would not have to present any defense witnesses or evidence whatsoever.  If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

      d.     The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify.  If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

      e.     If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him.  By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

      f.     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence.  By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case.  Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

      g.     If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

      h.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.  The Defendant recognizes that if he/she is not a citizen of the United States, pleading guilty may have consequences with respect to his/her immigration status.  Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States.  Removal and other immigration consequences are the subject of a separate

Barry Haberman, Esq.
August 6, 2012
Page 4

proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

      5.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

      6.     This Office and the Defendant understand, agree, and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

      a.     Under §§ 2T1.1(a) and 2T4.1(f) of the United States Sentencing Guidelines ("U.S.S.G."), the base offense level is **16**. There are no applicable enhancements under § 2T1.1. The adjusted offense level is **16**.

      b.     This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. If the defendant obtains a three-point reduction, the final offense level would be **13**.

      7.     The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

Barry Haberman, Esq.
August 6, 2012
Page 5

       8.    This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute. If the Defendant intends to argue for any factor that could take the sentence outside of the advisory guidelines range, he will notify the Court, the United States Probation Officer and government counsel at least fourteen days in advance of sentencing of the facts or issues he intends to raise.

<u>Obligations of the United States Attorney's Office</u>

       9.    At the time of sentencing, this Office will recommend a sentence within the guidelines range.

       10.    The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character, and conduct.

<u>Restitution</u>

       11.    Defendant agrees to pay restitution to the Internal Revenue Service in the total amount of $143,815, pursuant to 18 U.S.C. § 3663(a)(3). Defendant agrees that the total amount of restitution reflected in this agreement results from Defendant's criminal conduct. The total amount of restitution consists of tax due and owing from 2007 and 2008.

       12.    Defendant agrees to pay restitution as ordered by the court in any restitution order entered pursuant to this plea agreement. If the Court orders Defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331. Defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement.

<u>Internal Revenue Service Not a Party</u>

       13.    Defendant understands that this agreement does not resolve any civil tax liability that he or K&R Construction, LLC. may have, and that this agreement is with the United States Attorney's Office, not with the Internal Revenue Service. The Internal Revenue Service is not a party to this agreement and remains free to pursue any and all lawful remedies it may have.

Barry Haberman, Esq.
August 6, 2012
Page 6

        14.     Defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise Defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time periods covered by this agreement or any other time period.

Collection of Financial Obligations

        15.     The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

        16.     In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

        17.     The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

Waiver of Appeal

        18.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

        a.     The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

        b.     The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment which exceeds the term prescribed for offense level **13**; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below the term prescribed for offense level **13**.

Barry Haberman, Esq.
August 6, 2012
Page 7

        c.      Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

        d.      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

        19.      The Defendant agrees that he will not commit any offense in violation of federal, state, or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

        20.      The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any

sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

<u>Entire Agreement</u>

21.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____

Sujit Raman
Assistant United States Attorney

Gregory P. Bailey
Special Assistant United States Attorney

Barry Haberman, Esq.
August 6, 2012
Page 9

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_____
Date

_____
Kevinton Reynolds

I am Mr. Reynolds's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_____
Date

_____
Barry Haberman, Esq.

## ATTACHMENT A

*The undersigned parties hereby stipulate and agree that if the case had proceeded to trial, the Government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

The Internal Revenue Service ("IRS") is an agency of the Department of Treasury charged by law with collecting and assessing income, employment, and other taxes, and with investigating possible violations of federal tax laws. The tax laws of the United States, set forth in the Internal Revenue Code (Title 26 of the United States Code), require every individual subject to taxation for a particular year to make and file an income tax return for that year.

Defendant **KEVINTON REYNOLDS ("REYNOLDS")** was a resident of Maryland. During 2007 and 2008, **REYNOLDS** was the sole owner and operator of K&R Construction, LLC. As K&R Construction's sole owner and operator, **REYNOLDS** was the person responsible for properly reporting income for K&R Construction to the IRS. For years prior to 2007 and 2008, **REYNOLDS** reported income earned by K&R Construction, and its predecessor business, on his personal tax returns utilizing IRS Forms 1040.

For 2007 and 2008, **REYNOLDS** earned above the $11,250 and $11,500 income threshold, respectively, requiring him to file a return. In 2007, **REYNOLDS** earned $247,045 in income based on K&R Construction's gross receipts of approximately $1,110,683. In 2008, **REYNOLDS** earned $163,084 in income based on K&R Construction's gross receipts of approximately $384,227.

Despite his legal obligations to do so, **REYNOLDS** willfully failed to file any income tax returns for tax years 2007 and 2008. Additionally, **REYNOLDS** failed to pay the $86,617 in tax due and owing to the government for 2007 and failed to pay the $57,198 in tax due and owing to the government for 2008.

The total tax loss to the government for 2007 and 2008 was $143,815.

I have read this statement of facts, and have carefully reviewed it with my attorney. I acknowledge that it is true and correct.

_____
Date

_____
Kevinton Reynolds

I am Mr. Reynolds's attorney. I have carefully reviewed the statement of facts with him.

_____
Date

_____
Barry Haberman, Esq.